UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

SEP 1 4 2016

Per_____
DEPUTY CLERK

TARIQ WYATT,

    Plaintiff,

v.

C.O. MALISKO, et al.,

    Defendants.

CIVIL NO. 3:CV-16-1438

(Judge Kosik)

## MEMORANDUM

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Plaintiff, Tariq Wyatt, an inmate confined at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Pennsylvania, commenced this civil action pursuant to 42 U.S.C. §1983. In his complaint, Plaintiff names as defendants the following five SCI-Mahanoy employees: Correctional Officers Malisko and Crawford, Lieutenants Reese and Butts, and Hearing Examiner S. Luquis. Plaintiff claims his constitutional rights were violated when he was issued false misconducts, falsely placed in the Restricted Housing Unit ("RHU") where he was subjected to retaliation, and subjected to significant and atypical conditions including excessive force, denial of access-to-the-courts, denial of medical treatment, and also the denial of procedural safeguards with respect to the hearing conducted on his misconduct charges. He also complains that he was subjected to verbal harassment, denied breakfast on January 5,

2015, and made to eat off of a styrofoam tray of January 9, 2015. (Doc. 1, Compl.)

Plaintiff has filed a motion seeking leave to proceed *in forma pauperis* in this matter (Doc. 7). The complaint is presently before the court for mandatory preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). After reviewing the information provided by Plaintiff, his request to proceed *in forma pauperis* will be construed as a motion to proceed without full prepayment of the fee, and will be granted. The verbal harassment, denial of one meal, and styrofoam tray claims will be dismissed, but the remainder of the complaint will be served.

It is well established that the use of words, no matter how violent, vulgar or unprofessional, is not actionable under 42 U.S.C. § 1983. Dunbar v. Barone, 487 F. App'x 721, 723 (3d Cir. 2012)("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment," also noting that racial harassment by mimicking Ku Klux Klan hoods failed to state a claim); Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006)(non-precedential)(inmate claiming correctional officers made racial and sexual comments toward him failed to state an Eighth Amendment claim). In the instant complaint, Plaintiff appears to raise claims of verbal harassment against certain Defendants. Because the alleged verbal harassment was not accompanied by any injurious actions or physical actions of any kind, by the named defendants, the court finds that Plaintiff fails to state a cognizable

claim. Any amendment with respect to these claims would be futile and, therefore, will not be allowed.

Plaintiff's claims of one meal denial and eating from a styrofoam tray on one occasion will also be dismissed in that they fail to set forth cognizable claims. Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825 (1991); Allah v. Ricci, 532 F. App'x 48 (3d Cir. 2013). However, not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights. Rhodes v. Chapman, 452 U.S. 337 (1981); Booth v. King, 228 F. App'x 167, 171 (3d Cir. 2007). Cruel and unusual punishment will only be found "where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him of the minimal civilized measure of life's necessities." Id. (quoting Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir. 1990)).

In the non-medical context, the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measure to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). To assert a viable claim, a prisoner must satisfy both an objective and subjective test. See Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Specifically, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. A prisoner must also demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. Id. However, only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

The denial of one meal (breakfast) on January 5, 2015, and the use of a styrofoam tray on January 9, 2015, do not rise to the level of conduct establishing extreme deprivations for purposes of an Eighth Amendment violation. As such, Defendants will not be directed to respond to said claims, and they will be dismissed from this action. Without passing judgment as to all of the remaining claims in the complaint, Defendants will be served and directed to file a response thereto at this juncture.

To effect service as expeditiously as possible, the Clerk of Court is specially appointed to serve a copy of the Complaint, Notice of Lawsuit and Request to Waive Service of Summons (form AO 398), Waiver of the Service of Summons (form AO 399), and this order on each defendant. The waiver requests shall inform the

defendants both of the consequences of compliance and of the failure to comply with the requests. Defendants are permitted 30 days from the date the waiver requests are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers or electronically file them in the court's Electronic Case Filing (ECF) system. If a signed waiver is not returned or electronically filed within the required time, an order shall be issued directing the Clerk's office to transmit the summons and a copy of the complaint to the U.S. Marshals Service for immediate service under Fed. R. Civ. P. 4(c)(1).

It is Plaintiff's responsibility to provide a complete name and address for each defendant so that the court can effect service. At this time, service will be attempted on the defendants at the address Plaintiff has listed for them in the complaint. However, if the Clerk of Court cannot properly mail the Complaint, Supporting Memorandum, Notice of Lawsuit and Request to Waive Service of Summons, and Waiver of the Service of Summons to a defendant due to Plaintiff's failure to properly name a defendant or provide an accurate mailing address for the defendant, Plaintiff will be required to correct this deficiency.

It is Plaintiff's responsibility to provide the Clerk's Office with the completed Notice of Waiver of Summons, Waiver of Summons, and Process Receipt and Return (form USM 285) form for each such defendant discussed above. If Plaintiff does not

5

have sufficient copies of these forms to prepare one for each defendant, he may obtain additional forms from the Clerk of Court. On each form, Plaintiff must give the full name and complete address of each individual defendant. If Plaintiff fails to give the Clerk's Office correct instructions for mailing to any defendant, Plaintiff's claims against that defendant may be dismissed pursuant to Fed. R. Civ. P. 4(m).

Plaintiff is also advised that no defendant is required to respond to the complaint until he or she: (1) has waived service; or (2) has been served with a summons and the complaint pursuant to Fed. R. Civ. P. 4, if the defendant has not waived service. Further, any motion for default cannot be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond to the complaint within sixty (60) days after the Notice of Lawsuit and Request to Waive Service of Summons has been mailed (if service is waived pursuant to the written notice) or twenty-one (21) days after being served the summons and complaint by the United States Marshals Service (which will be completed only for those defendants who do not waive service).

Plaintiff is also advised that he is responsible for notifying the Clerk's Office of any change of address throughout the course of this litigation. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute if the court and other parties are unable to serve pleadings, orders or otherwise communicate with Plaintiff.