# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARIQ WYATT, | : Civil No. 3:16-CV-01438 |
| Plaintiff, | : |
| v. | : Judge Jennifer P. Wilson |
| LIEUTENANT BUTTS, *et al.*, | : |
| Defendants. | : Magistrate Judge Joseph F. Saporito, Jr. |

## MEMORANDUM

Before the court in this prisoner civil rights case are Defendants' motion for summary judgment, a report and recommendation from United States Magistrate Judge Joseph F. Saporito, Jr. addressing the motion, and both parties' objections to the report and recommendation. (Docs. 85, 94, 95, 97.) For the reasons that follow, the parties' objections are overruled, the report and recommendation is adopted in its entirety, and the motion for summary judgment is granted in part and denied in part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case began when Plaintiff Tariq Wyatt ("Wyatt") filed a complaint as an unrepresented litigant against various defendants connected to the State Correctional Institution in Frackville, Pennsylvania ("SCI Mahanoy") on July 12, 2016. (Doc. 1.) According to the allegations in the complaint, Wyatt was subjected to verbal harassment from Defendant Malisko and subsequently placed

1

in the Restricted Housing Unit ("RHU"). (*Id.* ¶¶ 10–18.) Wyatt alleged that while he was in the RHU, Defendants Butts and Crawford used excessive force during an incident in which they were placing him in his cell and that after that incident he was denied adequate medical care. (*Id.* ¶ 19.) The complaint alleged that while he was in the RHU, Wyatt requested the return of his property, including legal documents connected to various lawsuits he was litigating, but the Defendants ignored those requests for days. (*Id.* ¶ 20.) Wyatt was then allegedly placed in an observation cell with a clogged toilet where feces were smeared on the floor and walls for some hours as retaliation for requesting his legal documents. (*Id.* ¶¶ 21–24.) The complaint further alleged that while Wyatt was in the RHU, he was served meals on Styrofoam trays and repeatedly subjected to verbal harassment from Defendant Butts. (*Id.* ¶¶ 25–26.) Finally, the complaint alleged that Defendant Luquis violated Wyatt's constitutional rights when she presided over a disciplinary hearing for Wyatt. (*Id.* ¶¶ 27–29.) Based on those alleged facts, the complaint raised claims for violation of Wyatt's constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments based on excessive force, the denial of adequate medical care, denial of access to the courts, unconstitutional conditions of confinement, and retaliation. (*Id.* ¶ 30.)

On September 14, 2016, United States District Judge Edwin M. Kosik sua sponte dismissed Wyatt's complaint to the extent that it was based on verbal

harassment, the denial of some meals, and the serving of meals on Styrofoam trays, and ordered the complaint to be served on Defendants. (Docs. 8–9.) Defendants then answered the complaint on April 12, 2017. (Doc. 26.) Two days later, the case was referred to Judge Saporito for all pretrial management.

On December 8, 2017, Judge Saporito granted Wyatt's motion to appoint counsel, and pro bono counsel then entered appearances on Wyatt's behalf on February 15, 2018. (Docs. 50, 53–54.) On July 31, 2018, the parties stipulated to the dismissal of Wyatt's claims against Defendants Malisko, Reese, and Luquis, with the case proceeding only as to Wyatt's claims against Defendants Butts and Crawford. (Doc. 64.)

The remaining Defendants filed the instant motion for summary judgment on April 26, 2019, arguing that they are entitled to summary judgment on the merits of Wyatt's claims and that they are entitled to qualified immunity. (Doc. 85.) Judge Saporito addressed the motion in a report and recommendation on March 19, 2020. (Doc. 94.) The report and recommendation recommends (1) that Wyatt's claims under the Fifth and Fourteenth Amendments be dismissed under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), *id.* at 11–15; (2) that summary judgment be granted as to Wyatt's access to courts claim because Wyatt has not introduced any evidence to show an actual injury to his access to the courts, *id.* at 17–22; (3) that summary judgment be

denied as to Wyatt's claim of retaliation arising from the denial of his legal documents, *id.* at 22–25; (4) that summary judgment be granted as to Wyatt's excessive force claim because the force used was de minimis, *id.* at 25–30; (5) that summary judgment be granted as to Wyatt's medical care claim because there are no allegations of the remaining Defendants' personal involvement and because the evidence does not show that Wyatt had a serious medical need, *id.* at 30–34; (6) that summary judgment be granted as to Wyatt's conditions of confinement claim because exposure to the conditions in the observation cell for a brief period of hours does not rise to the level of an Eighth Amendment violation, *id.* at 34–36; (7) that summary judgment be denied as to Wyatt's retaliation claim arising from his placement in the observation cell, *id.* at 36–38; and (8) that Defendants' claim of qualified immunity be denied as to Wyatt's retaliation claims, *id.* at 38–42.

Both parties objected to the report and recommendation on April 2, 2020. (Docs. 95, 97.) Defendants object only to the recommendation that summary judgment be denied as to Wyatt's retaliation claims. (Doc. 95.) Wyatt objects only to the recommendation that summary judgment be granted as to his excessive force claim. (Doc. 97.) Those objections have been fully briefed and are considered below. (Docs. 96, 98–101.)

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation to which no objections have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## SUMMARY JUDGMENT STANDARD

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.*  "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case.'" *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)).  The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249.  Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

At the outset, the court will address Judge Saporito's recommendations regarding Wyatt's Fifth Amendment, Fourteenth Amendment, access to courts, medical care, and conditions of confinement claims and Defendants' assertion of qualified immunity. Because neither party has objected to these recommendations, the court reviews them only for clear error. *Univac Dental*, 702 F. Supp. 2d at 469. Finding none, the court adopts those portions of the report and recommendation.

Turning to the recommendations to which objections have been raised, the court will first address Judge Saporito's recommendation that summary judgment be denied as to Wyatt's retaliation claims. (*See* Doc. 94 at 22–25, 36–38.) Defendants object to these recommendations, arguing that they did not take adverse actions against Wyatt and that there is no evidence that they had a retaliatory motive when taking the allegedly retaliatory actions. (Docs. 95–96.)

The court will overrule Defendants' objections. To prevail on a retaliation claim, a plaintiff must prove that "(1) he engaged in constitutionally protected conduct, (2) the defendant engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link existed between the constitutionally protected conduct and the retaliatory action." *Javitz v. Cty. of Luzerne*, 940 F.3d 858, 863 (3d Cir. 2019). In this case, there is evidence of record from which a reasonable finder of fact could find that

Defendants withheld Wyatt's legal documents and placed him in an unsanitary observation cell and that they did this because Wyatt was "acting like a dickhead" by "asking for [his] legal work." (*See, e.g.*, Wyatt Deposition at 27, 30, 38.) This is sufficient for Wyatt's retaliation claims to survive summary judgment. The court will accordingly overrule Defendants' objections.

Finally, the court will address the recommendation that summary judgment be granted as to Wyatt's excessive force claim because the force used was de minimis. (Doc. 94 at 25–30.) Wyatt objects to this recommendation, arguing that it misapplies the standard for excessive force claims set out in *Wilkins v. Gaddy*, 559 U.S. 34 (2010) by focusing on the extent of his injuries rather than the nature of the force used by the Defendants. (Doc. 97.)

In *Wilkins*, the Court reaffirmed its earlier holding in *Hudson v. McMillian*, 503 U.S. 1 (1992) that the use of excessive force may violate the Eighth Amendment even where a plaintiff does not suffer serious injuries. *Wilkins*, 559 U.S. at 34. Under both *Hudson* and *Wilkins*, the "'core judicial inquiry' [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 37 (quoting *Hudson*, 503 U.S. at 7).

The absence of serious injury is not irrelevant to the court's inquiry under *Wilkins*. *Id.* "The extent of injury suffered by an inmate is one factor that may

9

suggest whether the use of force could plausibly have been thought necessary in a particular situation." *Id.* (quoting *Hudson*, 503 U.S. at 7.) "The extent of injury may also provide some indication of the amount of force applied." *Id.*

In this case, Wyatt's excessive force claim is based on an incident involving Defendants Butts and Crawford in which the Defendants allegedly pushed Wyatt into his cell and Crawford tightened his handcuffs and twisted his arms. (*See* Doc. 94 at 27.) The report and recommendation analyzed the evidence surrounding the incident and found that Wyatt had suffered nothing more than a de minimis injury. (*Id.* at 28.) Based on the lack of evidence of serious injury and the other evidence surrounding the incident, the report and recommendation found "that Wyatt has adduced nothing more than a *de minimis* use of force by Crawford and Butts." (*Id.*) Thus, rather than treating the lack of serious injury as dispositive, the report and recommendation used the lack of serious injury as evidence that "provide[d] some indication of the amount of force applied." *Wilkins*, 559 U.S. at 37. This is in line with the Supreme Court's holding in *Wilkins*. The court has also reviewed the evidence de novo and agrees that it shows only a de minimis use of force by the Defendants. Accordingly, the court will overrule Wyatt's objections.

## CONCLUSION

For the foregoing reasons, the parties' objections are overruled, the report and recommendation is adopted in its entirety, and the motion for summary judgment is granted in part and denied in part. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: June 4, 2020