# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TARIQ WYATT,** | : | Civil No. 3:16-CV-1438 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **C.O. MALISKO, et al.,** | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM AND ORDER**

### I.     **Factual Background**

This case is currently scheduled for a non-jury trial before the undersigned relating to the plaintiff's sole surviving claim, a First Amendment retaliation claim based on the alleged denial of access to legal papers and placement in an unsanitary psychiatric observation cell. The remaining Defendant, Lt. Butts of the Department of Corrections ("Department" or "DOC"), has filed a motion *in limine* to exclude evidence pertaining to claims that have been previously dismissed or withdrawn. (Doc. 116). The plaintiff has responded to this motion, (Doc. 122), conceding that certain claims have been dismissed, but noting that brief testimony regarding these matters may still be relevant to the retaliation claim, to questions of administrative exhaustion, and further asserting that the need for a pre-trial ruling on a motion *in*

*limine* is reduced here, where we will be conducting a non-jury trial. We agree that the non-jury trial of this case reduces the urgency and necessity of pre-trial evidentiary rulings like those sought here since:

> [A]ny concern about juror confusion is obviated, and the Court is well-positioned to make judgments regarding the admissibility of evidence within the context of the trial itself. Indeed, although courts will rule on motions in limine in advance of bench trials in appropriate cases, Velez v. Reading Health System, 2016 WL 9776079 (E.D. Pa. Feb. 24, 2016), they often will find it unnecessary to do so because the concerns over prejudice or confusion to a jury are absent. See 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Civil 3d § 2411 (3d ed. 2008); see also United States v. Brown, 2017 WL 219521 (N.D. Ill. Jan. 19, 2017) (noting that concerns over the potential for prejudice from improper evidence "are minimal in bench trials ... rulings on motions in limine are less important."); Alan L. Frank Law Assocs., P.C. v. OOO RM Invest, 2016 WL 9348064 (S.D. Fla. Nov. 30, 2016).

Buhler Versatile Inc. v. GVM, Inc., No. 1:17-CV-00217, 2018 WL 6062307, at *5 (M.D. Pa. Nov. 20, 2018). Nonetheless, understanding the value of some guidance from the court on these evidentiary issues we provide the following further guidance: As discussed below, we will GRANT this motion *in limine* in part and DENY the motion, in part. Specifically, we will deny this motion to the extent that it seeks wholesale exclusion of this evidence, but will grant the motion, in part, and require the plaintiff to make specific offers of proof as to the relevance of evidence relating to previously dismissed claims during the course of the non-jury trial prior to admitting any such evidence.

## II. Discussion

### A. Motions *in Limine*—Guiding Principles

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to exclude unfairly prejudicial, confusing, cumulative, or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). However, courts should be careful before doing so.

In considering motions *in limine* that call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " Abrams v.

Lightolier Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). One of the key guiding principles governing the exercise of this discretion is reflected in the philosophy that shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. Adopting this broad view of relevance, it has been held that

> Under [Rule] 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [Therefore] "[i]t follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant."

Frank v. Cnty. of Hudson, 924 F. Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994) (quotations omitted)). Rule 402 of the Federal Rules of Evidence, in turn, provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir. 1996) (citations omitted).

This principle is then tempered by Rule 403 of the Federal Rules of Evidence which sets legal grounds for exclusion of some evidence, stating that:

> Although relevant, evidence may be excluded if its probative value **is** substantially outweighed by the danger of unfair prejudice, confusion

of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

These broad principles also shape and define the scope of this Court's discretion in addressing motions *in limine* like those filed here, which invite us pre-trial to rule that evidence relating to claims that have been dismissed should be excluded at trial. Reasoning that evidence regarding dismissed claims that have failed as a matter of law typically has little relevance, courts have often excluded evidence of dismissed claims from trial. See, e.g., Branch v. Brennan, No. 2:17-CV-00777, 2019 WL 3892850, at *2 (W.D. Pa. Aug. 19, 2019); Brown v. Johnson & Johnson, No. CV 12-4929, 2015 WL 12834346, at *2 (E.D. Pa. Aug. 28, 2015); Moore v. Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ., No. CV 02-1734, 2005 WL 8165154, at *4 (W.D. Pa. Mar. 11, 2005); Devine v. Pittsburgh Bd. of Pub. Educ., No. 2:13-CV-220, 2015 WL 7301149, at *4 (W.D. Pa. Nov. 18, 2015). However, those courts that have excluded this evidence often have done so without prejudice to the plaintiff presenting some specific and narrowly-tailored offer of proof as to the relevance and admissibility of particular evidence. Id.

Guided by these principles, we turn to consideration of the instant motion *in limine.* In this case, the plaintiff argues that some evidence concerning these previously dismissed claims is still relevant to his sole remaining claim, a First Amendment retaliation claim. The plaintiff also asserts that this evidence may be

relevant to questions of administrative exhaustion, and provide essential context to the plaintiff's remaining legal claims. Accordingly, consistent with caselaw governing the exercise of discretion in this field, this motion *in limine* will be denied to the extent that it seeks wholesale exclusion of this evidence, but we will require the plaintiff to make specific offers of proof as to the relevance of evidence relating to previously dismissed claims during the course of the non-jury trial.

By adopting this course, we avoid the concerns that justify motions *in limine*, excluding unfairly prejudicial, confusing, cumulative or irrelevant evidence, Romano, 849 F.2d at 815, and "narrow[ing] the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley, 913 F.2d at 1069 (citation omitted). Yet following this course does not absolutely preclude the plaintiff from presenting specific evidence if he can first demonstrate its relevance through an offer of proof.

An appropriate order follows.

S/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

DATED: May 17, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TARIQ WYATT, | : | Civil No. 3:16-CV-1438 |
| --- | --- | --- |
| Plaintiff | : | |
| v. | : | (Magistrate Judge Carlson) |
| C.O. MALISKO, et al., | : | |
| Defendants. | : | |

## O R D E R

AND NOW, this 17th day of May 2021, in accordance with the accompanying Memorandum, upon consideration of the defendant's motion *in limine* (Doc. 116), which seeks exclusion of evidence relating to any previously dismissed claims in this lawsuit, IT IS ORDERED that the motion is GRANTED in part and DENIED the motion, in part. Specifically, we will deny this motion to the extent that it seeks wholesale exclusion of this evidence, but will grant the motion, in part, and require the plaintiff to make specific offers of proof as to the relevance of evidence relating to previously dismissed claims during the course of the non-jury trial.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge